KREIBICH v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   October 20, 1919.)

No. 5384.

ARMY AND NAVY &⟶20—CRIMINAL FALSE STATEMENT WITHIN SELECTIVE SERVICE ACT.

    An indictment charging that defendant, being of draft age, "for the pur-pose of obtaining a more deferred classification," when before the local board, willfully, feloniously, and corruptly made certain false statements, to the effect that his father was dependent on him for support, *held* to charge an offense under Selective Draft Act, § 6 (Comp. St. 1918, § 2044f), making guilty of a misdemeanor "any person who shall make *   *   * any false statement *   *   * as to the fitness or liability of himself .   *   *   * for service.   *   *   *"

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Criminal prosecution by the United States against Arno August Kreibich.   Judgment of conviction, and defendant brings error.   Af-firmed.

Conrad Paeben and Chester H. Krum, both of St. Louis, Mo., for plaintiff in error.

Vance J. Higgs, Sp. Asst. Atty. Gen., of St. Louis, Mo., for the Unit-ed States.

Before SANBORN and CARLAND, Circuit Judges, and YOU-MANS, District Judge.

YOUMANS, District Judge.   Plaintiff in error, hereinafter called defendant, was indicted in two counts under the act of Congress of May 18, 1917 (40 Stat. 76, c. 15), called the Selective Draft Act.   He entered a plea of not guilty.   Afterwards he withdrew that plea, and filed a demurrer to the indictment.   The demurrer was overruled. Later he entered a plea of guilty to the first count and a nolle prosequi was entered to the second count.   Defendant then filed a motion in ar-rest of judgment, which was overruled.   Sentence was pronounced by the court on the plea of guilty, and defendant brought error.

The errors urged here are the overruling of the demurrer and the motion in arrest of judgment.   The motion in arrest raises the question of the sufficiency of the indictment to sustain a judgment   The de-murrer raises the question of the sufficiency of the indictment to state an offense under the Selective Draft Act.   They are argued as present-ing the same question.

The indictment alleges in substance:   (1) That defendant was a male person of 28 years of age, a resident of St. Louis, Mo., a registrant and subject to the jurisdiction of the local board for division 13 of said city.   (2) That he was before that board pursuant to said act and the acts amendatory thereof and supplementary thereto, and the regula-tions promulgated by the President, for the purpose of being classified for service under said acts and regulations.   (3) That "for the purpose of obtaining a more deferred classification than that to which he was

    &⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rightfully entitled" he willfully, feloniously, and corruptly made the statements set out in the indictment, which were to the effect that his father was dependent upon him for support.

The indictment is based on that portion of section 6 of the act referred to (Comp. St. 1918, § 2044f), reading as follows:

"Any person who shall make or be a party to the making of any false statement or certificate as to the fitness or liability of himself or any other person for service under the provisions of this act, or regulations made by the President thereunder * * * shall * * * be guilty of a misdemeanor."

The argument by counsel for defendant is based upon the meaning of the word "liability," as used in the act, and the contention is that whatever false statements were made by defendant related, not to his liability for service, but to his status as defined in the regulations, and that false statements with regard to status constitute no crime under the clause of the Selective Draft Act above quoted. In support of that contention reliance is placed on the following portion of section 2 of that act (Comp. St. 1918, § 2044b):

"Such draft as herein provided shall be based upon liability to military service of all male citizens, or male persons not alien enemies who have declared their intention to become citizens, between the ages of twenty-one and thirty years, both inclusive, and shall take place and be maintained under such regulations as the President may prescribe not inconsistent with the terms of this act."

Counsel for defendant construe the foregoing provision as making "all male citizens * * * between the ages of twenty-one and thirty years" liable to service. A careful reading of the act demonstrates this construction to be wrong. Liability to selection for service is limited to persons included in the class thus created, and liability to service is dependent on selection. The last paragraph of section 4 of the act (Comp. St. 1918, § 2044d) contains the following provision:

"The President * * * shall provide for the issuance of certificates of exemption, or partial or limited exemptions, and for a system to exclude and discharge individuals from selective draft."

Section 18 of the "rules and regulations prescribed by the President" designates the persons or classes of persons to be exempted by a local board and provides for the issuance by such board of "a certificate of absolute, conditional or temporary exemption as the case may require." Section 20 of the same rules and regulations designates the persons or classes of persons to be discharged by a local board and provides for the issuance by such board of "a certificate of absolute, conditional or temporary discharge as the case may require."

Liability to service, therefore, is contingent on: (1) Inclusion within a general class; (2) the call by the board of a member of such class for examination; (3) determination of the physical and mental fitness of the person so called; (4) determination of the question of exemption or exclusion.

The false statements alleged in the indictment related to the matter of exemption or exclusion. The term "deferred classification," used in the indictment, is the equivalent of conditional or temporary exemption

in section 18, and conditional or temporary discharge in section 20, of the rules and regulations prescribed by the President.

It follows that the indictment states an offense under the Selective Draft Act. The action of the lower court should be affirmed; and it is so ordered.